## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| **RODNEY BUNN** | ) | |
| **107 Elmira Street S.W.** | ) | |
| **Washington D.C. 20032** | ) | **Case No:** |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OFFICER JAMES LOVE** | ) | |
| **Metropolitan Police Department** | ) | |
| **Individually and in his official capacity** | ) | |
| **Seventh District Station** | ) | |
| **2455 Alabama Avenue, S.E.,** | ) | |
| **Washington D.C. 20020** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **JOHN DOE OFFICERS** | ) | |
| **Metropolitan Police Department** | ) | |
| **Individually and in his official capacity** | ) | |
| **Seventh District Station** | ) | |
| **2455 Alabama Avenue, S.E.,** | ) | |
| **Washington D.C. 20020** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Rodney Bunn, by and through his attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against the Defendants, Officer James Love (hereinafter "Officer Love") and J. Doe Officers and alleges the following:

### INTRODUCTION

1.       On the evening of January 25, 2020, Plaintiff Bunn made his way to the Aqua Night Club located at 1818 New York Ave. N.E. Washington D.C. On January 26, 2020, at or about 1:00 am, in the patio area of the Aqua Nightclub, located at 1818 New York Ave. N.E.

Washington D.C., Plaintiff Bunn, while attempting to re-enter the inner portion of the establishment, was confronted by a security guard who was stationed at the door. After a discussion with the security guard regarding his ability to re-enter the establishment, Officer Love of the Metropolitan Police Department interjected in the discussion. While explaining to Officer Love that he had been coming in and out of the establishment for the entirety of the evening and that he did not understand why he was not being allowed to re-enter the club, Officer Love, without provocation or justification, reared back and struck Plaintiff Bunn in his face, causing a fracture of the jaw and other serious bodily injury. Thereafter Defendants Officer Love and J. Doe Officers searched and arrested Plaintiff Bunn absent the requisite articulable suspicion or probable cause for the same in violation of the constitutional rights of the Plaintiff.

2.      Defendants Officers Love and J. Doe Officers violated the Plaintiff Rodney Bunn's rights under the Fourth Amendment to the Constitution of the United States through their actions fully described below.

## JURISDICTION AND VENUE

3.      This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983.

4.      This Court has jurisdiction over the Plaintiff Rodney Bunn's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

5.      Venue is proper in the District of Columbia because this is where Plaintiff Rodney Bunn resides, where the Defendant is employed, and where the events complained of occurred.

## PARTIES

6.      Plaintiff, Rodney Bunn, (hereinafter referred to as 'Plaintiff') is now and at all times relevant to this claim has been an adult resident of the District of Columbia who resides at 107 Elmira Street S.W., Washington, D.C. 20032.

7.      Defendant, Officer Love is sued in his individual and official capacitiy, and is now, and was at all times relevant hereto, an officer of the Fifth District of the District of Columbia Metropolitan Police Department located at 1805 Bladensburg Rd. N.E. Washington, D.C. 20002.

8.      In addition to the named Defendant, unknown employees of the District of Columbia Metropolitan Police Department are sued herein in their individual and official capacities under the fictitious names of J. Doe Officers because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to Plaintiff at this time. When Plaintiff ascertains this information, he will amend this Complaint accordingly. The Unnamed J. Doe Officers are or were at all times mentioned herein employees of the D.C. Metropolitan Police Department. Upon information and belief, Unnamed J. Doe Officers are legally liable to the Plaintiff.

9.      At all times relevant to this action, Defendant officers were acting under the color of law under their authority as officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies,  general orders, customs and usage of the District of Columbia.

### STATEMENT OF FACTS

10.     Plaintiff is a fireman and has been employed by the District of Columbia Fire Department with Engine Company 5 in Georgetown for the past fourteen years.

11.     On January 25, 2020, Plaintiff was celebrating his 38th birthday and as such, he left his home and traveled to the Aqua Night Club located at 1818 New York Ave. N.E. Washington D.C. arriving at approximately 11:00 pm.

12.     The Aqua Night Club is an indoor/outdoor establishment with accommodations in the interior which allow for live music performances, dancing and the consumption of both food and beverages. It is also attended by an outdoor patio where patrons gather to socialize and others go out to smoke cigarettes which are not allowed in the inside portion of the establishment.

13.     Once entering the establishment, Plaintiff socialized with other patrons there and occasionally went out to the patio of the nightclub for the purpose of smoking a cigarette. Each time that Plaintiff went out to the patio, prior to the incident leading to his assault, he had been allowed re-entry into the interior of the nightclub.

14.     Later in the evening and at approximately 1:30 am on January 26, 2020, Plaintiff once again went out to the patio for the purpose of smoking a cigarette. Upon completion of his cigarette, Plaintiff attempted to re-enter the establishment as he had done before, only to be stopped by the security guard who was positioned at the door for re-entry into the interior. When Plaintiff was refused re-entry, Plaintiff asked the security guard why he would not be allowed to go back inside the establishment. In response he was only told that he would not be allowed to go back inside without further explanation.

15.     While Plaintiff persisted in his request to be given an explanation for why he was not being allowed to re-enter, Defendant Officer Love interjected in the conversation between Plaintiff and the security guard, resulting then in a discussion between Plaintiff and Defendant Officer Love regarding Plaintiff's inability to re-enter the nightclub.

16.     Upon information and belief, there were other unnamed J. Doe Officers that arrived in the area of the Aqua Night Club during the time and at the location of the occurrence giving rise to this complaint, and who were in position to observe the interaction between Plaintiff and Defendant Officer Love.

17.     During the continued discussion between Plaintiff and Defendant Officer Love, Officer Love, without any provocation, notice or warning to the Plaintiff, struck Plaintiff in his jaw with a closed fist.

18.     Defendant Officer Love's unprovoked, unreasonable and unlawful assault and battery of the Plaintiff, caused Plaintiff to fall to the ground striking his body and his face on the ground and resulted in the Plaintiff's loss of consciousness.

19.     Officer Love placed the Plaintiff in handcuffs, searched and arrested him even while he remained unconscious and on the ground. The handcuffs were placed on his hands very tightly causing the Plaintiff to complain of the pain it caused to his wrist.

20.     Officer Love, without any articulable suspicion, absent any probable cause and without the consent of the Plaintiff, searched the Plaintiff by going beyond a pat down for safety and reaching into Plaintiff's pants pockets in violation of the Fourth Amendment prohibition against illegal searches and seizures

21.     Defendant J. Doe Officers watched as the Officer Love took the aforementioned action against the Plaintiff. None of the aforementioned J. Doe officers took any action to stop the Officer Love's conduct towards the Plaintiff.

22.     After the assault, Plaintiff was treated at the Washington Hospital Center where, after x-rays, CT Scans and an MRI, it was determined that Plaintiff suffered a fractured jaw and other serious injuries to his person including but not limited to, contusions to his face, swelling, a broken tooth and other injury to his person as a result of the assault and the employ of excessive force on the part of the Defendant Officers. Plaintiff continues to experience pain and suffering to his jaw and his mouth as a result of the aforementioned and continues to receive related treatment

which has included two surgeries on his jaw and continued dental work as a result of the injury to his mouth.

23.     While receiving his initial medical evaluation at the Washington Hospital Center, Plaintiff remained under arrest and in the custody of the Metropolitan Police. After his discharge from the Hospital, Plaintiff was transported to the District of Columbia Central Cell Block where he was advised that the charges against him were "No Papered" on or about January 30, 2020.

24.     At all times relevant to the events described herein, the Plaintiff was not committing any crime and was obeying all laws.

25.     At no time did Defendants Officer Love and J. Doe Officers have probable cause to arrest the Plaintiff, nor did they have reasonable articulable suspicion to stop or detain the Plaintiff. Additionally, the defendant named and unnamed officers had no legal justification for their actions.

26.     Defendants Officer Love and J. Doe Officers acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of the District of Columbia Metropolitan Police Department regulations.

27.     The use of unreasonable and/or excessive force by Defendants Officer Love and J. Doe Officers is subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

28.     The battering of the Plaintiff by the Defendants Officer Love and J. Doe Officers was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s),

including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

29.     No reasonable police officer could have believed that there was a need to assault, detain, and arrest the Plaintiff even though he had not committed any crime and was not resisting arrest.

30.     Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Defendant officers knowingly and intentionally failed to intercede to prevent the violation of the Plaintiff's rights.

31.     At all relevant times, Defendants Officer Love and J. Doe Officers:

   a.   Wore apparel of the District of Columbia Metropolitan Police Department;

   b.   Used the resources of the District of Columbia Metropolitan Police Department;

   c.   Were on active duty as officers of the District of Columbia Metropolitan Police Department;

   d.   Acted under their authority as officers of the District of Columbia Metropolitan Police Department; and

   e.   Acted under the color of law, statute, ordinance, regulations, custom and usage of the District of Columbia.

32.     The Plaintiff suffered significant physical injuries and pain as a result of the conduct of Defendants Officer Love and J. Doe Officers.

## CLAIMS FOR RELIEF

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Against Defendants Officer Love and J. Doe Officers)

33.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

34.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

35.     Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for purposed of 42 U.S.C. § 1983.

36.     Defendants Officer Love and J. Doe Officers, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

37.     Plaintiff did not engage in any criminal conduct.

38.     Plaintiff was not a threat to the safety of the police, himself or others.

39.     Plaintiff did not resist arrest or evade arrest by flight.

40.     Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

41.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

42.     Defendants Officer Love and J. Doe Officers' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

43.     Defendants Officer Love and J. Doe Officers' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth Amendments of the Constitution of the United States.

44.     Defendants Officer Love and J. Doe Officers unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

45.     The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

46.     Defendants Officer Love and J. Doe Officers engaged in the conduct described by the Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

47.     Defendants Officer Love and J. Doe Officers did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

48.     The acts or omissions of Defendants Officer Love and J. Doe Officers were the moving forces behind Plaintiff's injuries.

49.     The acts or omissions of Defendants Officer Love and J. Doe Officers as described herein intentionally deprived Plaintiff of his constitutional rights and caused his other damages.

50.     Defendants Officer Love and J. Doe Officers, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

51.     Given the circumstances, no reasonable person in Plaintiff's position would have believed himself free to leave.

52.     Plaintiff submitted to the authority of Defendants Officer Love and J. Doe Officers.

53.     Defendants Officer Love and J. Doe Officers as government officials intentionally applied means to terminate the Plaintiffs' freedom of movement.

54.     Defendants Officer Love and J. Doe Officers are not entitled to qualified immunity for the complained of conduct.

55.     As a proximate result of Defendants Officer Love and J. Doe Officers unlawful conduct, Plaintiff has suffered actual physical injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his constitutional and civil rights.

56.      On information and belief, Plaintiff has suffered and may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

57.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendants Officer Love and J. Doe Officers under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Second Claim for Relief – 42 U.S.C. § 1983 – Bystander Liability in violation of the Fourth Amendment**

(Against Defendants J. Doe Officers)

58.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

59.     Individual named Defendants and Unnamed J. Doe Officers' reckless use of force against the Plaintiff was so excessive, violent and beyond the bounds of decency that it shocks the conscience. Individual named Defendants and Unnamed J. Doe Officers intended to cause harm to the Plaintiff, and their use of force was unrelated to any legitimate law enforcement objective or concern for their personal safety.

60.     Individual named Defendants and Unnamed J. Doe Officers who may have not been directly involved in the use of excessive force or the unconstitutional search and arrest of Plaintiff, but who observed the use of excessive force and the unconstitutional search and arrest, are liable as bystanders. These Individual named Defendants and Unnamed J. Doe Officers were aware that their fellow officers were using excessive force and arresting Plaintiff, in violation of the Plaintiff's Fourth Amendment rights, had a reasonable opportunity to prevent the harm and yet chose not to act.

61.     Individual named Defendants and Unnamed J. Doe Officers' acts, which were performed while acting under the color of District of Columbia law, violated Plaintiff's rights. Individual named Defendants and Unnamed J. Doe Officers are liable to Plaintiff under 42 U.S.C. § 1983.

62.     As a direct result of the Individual named Defendants and Unnamed J. Doe Officers' use of excessive force in violation of Plaintiff's Fourth Amendment right, Plaintiff has suffered extensive damages including, but not limited to, physical injuries, pain and suffering and medical expenses.

63.    Individual named Defendants and Unnamed J. Doe Officers acted knowingly, intentionally, maliciously and with deliberate and callous indifference to Plaintiff's personal safety, constitutional rights and with the intent to harm the Plaintiff. Because of these acts, Plaintiff is entitled to an award of punitive damages against Defendants Officer Love and J. Doe Officers.

## JURY DEMAND

64.    Plaintiff demands a jury trial in the aforementioned matter.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a)    RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth Amendment to the United States Constitution and the laws of the District of Columbia;

(b)    ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $10,000,000;

(c)    ENTER JUDGMENT awarding punitive damages against the Defendants Officer Love and J. Doe Officers in an amount of $10,000,000;

(d)    ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)    GRANT the Plaintiff any such other relief as the Court may deem just and proper.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1001 L Street, S.E.,
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004

12